STATE of Missouri, Plaintiff/Appellant,

v.

Nathan L. GRAELER,
Defendant/Respondent.

No. 75165.

Missouri Court of Appeals,
Eastern District,
Writ Division Three.

Feb. 9, 1999.

R. Scott Ingram, Union, for appellant.

Jessica Hereford, Union, for respondent.

JAMES A. PUDLOWSKI, Presiding Judge.

On October 8, 1998, the Circuit Court of Franklin County issued a Memorandum Order sustaining Nathan Graeler's (Respondent) Motion To Suppress evidence obtained from the search of his person. On October 13, 1998, the State of Missouri (Appellant) filed an interlocutory appeal, pursuant to Section 547.200.1 RSMo (1994), alleging the circuit court erred because the evidence was obtained pursuant to a legal search in that the illegal nature of the item was immediately apparent to the Franklin County Deputy Sheriff (Deputy). We affirm the decision of the circuit court and remand for further proceedings.

On February 21, 1998, a fight occurred during a high school party at a residence in Franklin County. Deputy went to the residence to ensure there were no further problems and observed a vehicle with a beer can resting on the roof. Deputy drove past the vehicle, turned around to get a better view,

and noticed the beer can was relocated under the left rear tire.

Deputy exited his automobile, instructed the driver to move around to the front of the vehicle, and initiated conversation with passengers in the vehicle. Respondent, sitting in the passenger seat wearing a bloody shirt, informed Deputy that he was involved in the fight. Deputy observed a chain and claw hammer on the back seat and a broom handle outside the passenger door. Respondent was ordered from the vehicle and Deputy noticed an intoxicating beverage odor.

Deputy performed a pat down search of Respondent checking for weapons. During the pat down of Respondent's right front pocket, Deputy testified that he felt a "large, lumpy substance that made a crinkling sound, like it was in a plastic bag." Deputy then testified that he touched the item once, and based on past experience he immediately believed the item was marijuana. Deputy removed the item from Respondent's pocket and placed Respondent under arrest. Deputy also testified that marijuana is kept in a variety of containers.

On February 25, 1998, the Franklin County Prosecuting Attorney's Office filed misdemeanor possession of a controlled substance charges against Respondent, in violation of Section 195.202 RSMo (1994). Respondent filed a Motion To Suppress Evidence on June 26, 1998, claiming the search violated his constitutional rights. A hearing was held in the Circuit Court of Franklin County on September 16, 1998. On September 17, 1998, Respondent filed a Memorandum In Support Of The Motion To Suppress listing sixteen legal items he might have carried in his pocket that would have formed the same size and shape as the container of marijuana seized. The next day, Respondent filed a supplement to the memorandum listing twenty more legal items which would have fit the description of the plastic container of marijuana.

On October 8, 1998, the circuit court issued its Memorandum Order sustaining the Motion To Suppress after finding Deputy had authority to conduct a pat down search for weapons, but the item seized was not immediately apparent as contraband. Appellant filed its Notice Of Appeal on October 13, 1998, alleging the contraband was immediately apparent to Deputy.

At a hearing on a motion to suppress, the State has the burden to show, by a preponderance of the evidence, that the motion should be overruled. *State v. Olson*, 972 S.W.2d 359, 360 (Mo.App. E.D.1998). In review of a trial court's order sustaining a motion to suppress, we consider the facts and reasonable inferences favorably to the order challenged. *State v. Taylor*, 965 S.W.2d 257, 260 (Mo.App. E.D.1998). The trial court's decision will be reversed only if clearly erroneous. *State v. Milliorn*, 794 S.W.2d 181, 183 (Mo. banc 1990). If the trial court's ruling is plausible in light of the record viewed in its entirety, we may not reverse even though convinced we would have weighed the evidence differently if sitting as trier of fact. *Id.* at 184.

Once a valid stop has been made, an officer may pat down a suspect's outer clothing if there is a reasonable, particularized suspicion the subject is armed. *Terry v. Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968). The purpose of this search is not to discover evidence of crime, but to allow the officer to continue the investigation without fear of violence. *Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972); *State v. Rushing*, 935 S.W.2d 30, 32 (Mo. banc 1996).

In *Minnesota v. Dickerson*, 508 U.S. 366, 375–376, 113 S.Ct. 2130, 2137, 124 L.Ed.2d 334 (1993), the Supreme Court reasoned that "if a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context." *Id.* at 375–376, 113 S.Ct. at 2137. The incriminating character of the object felt must be immediately apparent to the officer. *Id.* at 379, 113 S.Ct. 2130. The search is limited to protect against "ex-

cessively speculative seizures." *Id.* at 376, 113 S.Ct. 2130.

In the case at bar, Deputy testified that marijuana often was kept in a variety of containers, but the character of the object was immediately apparent based on his past experience. After consideration of the testimony as well as Respondent's memorandum and supplement, the circuit court sustained the Motion To Suppress finding the incriminating character of the object was not immediately apparent to Deputy. We find the circuit court's order was plausible in light of the record viewed in its entirety and not clearly erroneous. We affirm the circuit court's suppression of the evidence and remand for further proceedings.

KATHIANNE KNAUP CRANE, Judge, and CLIFFORD H. AHRENS, Judge, Concur.